JOHN ERBACHER, Plaintiff, v. D. M. ANDERSON, Judge, Defendant.

Intoxicating liquors: INJUNCTION: VIOLATION: EVIDENCE. In this proceeding to punish the violation of an injunction restraining the illegal sale of liquor, the evidence is reviewed and held sufficient to warrant conviction.

*Certiorari from Wapello District Court.*

THURSDAY, OCTOBER 23, 1913.

PROCEEDING in certiorari to test the legality of proceedings under which plaintiff was found guilty of violating an injunction restraining the illegal sale or keeping for sale of intoxicating liquors. Proceeding dismissed.

*Jaques & Jaques*, for plaintiff.

*M. S. Odle*, and *Geo. L. Gillies*, for defendant.

WITHROW, J.—I. On the 24th day of August, 1908, under proceedings duly brought in the district court of Wapello county, the plaintiff in this proceeding, John Erbacher, was permanently enjoined from selling or from keeping for sale intoxicating liquors on certain described premises in Ottumwa, with intent to sell the same in violation of law. On the 25th day of October, 1911, information charging contempt was

filed in said court charging that the respondent, John Erbacher, in violation of the decree of injunction, had on or about the 18th day of October sold intoxicating liquors to one Ace Davis, and also that since the decree was entered he had kept on the premises described in the injunction proceedings intoxicating liquors, with the intent to sell the same illegally. Warrant of arrest was issued, trial was had before the defendant, judge of the district court, resulting in a conviction and sentence. To inquire into the legality of the conviction for contempt, writ of certiorari was sued out of this court by Erbacher as plaintiff against D. M. Anderson, presiding judge.

II. The question presented by the record is wholly of fact. Ace Davis, who testified that he was engaged in detective work for the Anti-Saloon League, also testified that on the 18th day of October, 1912, he bought two bottles of beer of Erbacher, at his place in Ottumwa. At the time he did not know Erbacher's name, but claims to have learned it afterwards, and at the trial identified Erbacher, who was present, as the man from whom he made the purchase. Davis fixed the time of the purchase from the fact, testified to by him, that he left Des Moines, his home, on the evening of October 17th, and arrived in Ottumwa that night; that he remained in Ottumwa until October 21st; and that the purchase from Erbacher was made the day after his arrival in Ottumwa. On cross-examination it was developed that Davis was a man of irregular employment, and that he had been engaged as detective by the Anti-Saloon League for about one month before he went to Ottumwa. A man named Dorsey accompanied Davis from Des Moines to Ottumwa, and testified to having seen the sale made by Erbacher to Davis. This latter witness was also employed by the league as a detective, and had been so engaged for about two months before going to Ottumwa. No other evidence was presented as to actual sales. It was shown by the evidence, and also admitted by Erbacher, that at the time he had a retail liquor

dealer's license or receipt issued by the United States government. His explanation of such was that when the saloons in Ottumwa were closed he had a large quantity of whisky contracted for and bought, which was in bond, and that since that time he had been disposing of this whisky in bond to different persons in Chicago, who are in the liquor business, and it was for that reason he took out the government license. It was shown by the evidence that on September 27, 1912, one barrel of bottle whisky was at the direction of John E. Erbacher delivered by the Rock Island Railroad at Ottumwa "to bearer." The cashier so testifying also testified that she did not know the contents of the barrel. The cashier and chief clerk of the Milwaukee road, at Ottumwa, presented in evidence copies of bills of lading "supposed to be for Mr. Erbacher." Exhibit 1 was for a barrel of bonded whisky, consigned to J. A. Erbacher. Exhibit 1½, July 31, 1912, an order signed "Erbacher," directing the delivery of one barrel of whisky to F. J. Crimmen. Exhibit 2 was for one barrel of bonded whisky, and Exhibit 2½ an order signed "J. A. Erbacher," directing delivery to Crimmen. Exhibit 3, copy of bill of lading, was for one "C. R. Beer" October 9, 1912, to which was attached a slip signed by John Erbacher directing delivery, but naming no person.

On the part of the defendant in the contempt proceedings, evidence was introduced tending to show that, at the time of the alleged sale to Davis, Erbacher was in Chicago, where he had gone for the purpose of attending a series of ball games. He so testified. One witness, whose testimony was taken by deposition, testifies to having seen Erbacher in Chicago in the office of the witness during the week commencing October 13th, either on Thursday or Friday of that week, which would have been October 17th or 18th. Another witness, testifying by deposition, stated that he saw Erbacher in Chicago on October 18th and went with him to procure tickets for the ball game; this being on the day of the last game of the series. Still another witness, whose deposition

was taken, testified to having been with Erbacher much of Friday, October 18th, in Chicago, and accompanied him to the train that evening. Witnesses who resided in Ottumwa testified to the absence of Erbacher from that city during the week, commencing October 13th, to some of whom before going he had stated his intention, and to others upon his return he told where he had been.

We need not in more detail set out the testimony. Did the case depend alone upon the testimony of Davis and Dorsey to establish the fact of an illegal sale, in the light of the strong proof in support of the alibi we should hold that the charge is not sustained by that weight of evidence which we think should be necessary to sustain a conviction for contempt in the violation of an injunction. But weight also must be given to the admitted fact of Erbacher's possession of the retail liquor dealer's revenue receipt, which by Code, section 2427, and chapter 105, Acts 34 General Assembly, is made presumptive or *prima facie* evidence that the person holding it is engaged in the sale of, or keeping with intent to sell, intoxicating liquors in violation of law. The explanation of Erbacher as to his reasons for taking out such receipt is not consistent with the admitted or proven facts; for a retail liquor dealer's license would be no protection to him in selling at wholesale his bonded liquors. Add to this the fact that the evidence shows, without any explanation, by Erbacher, a shipment to him and receipt by him of a quantity of beer, and other shipments of whisky to him, and upon his order delivered to another, not in Chicago, where he testified all his bonded liquor was sold, satisfies us that the trial court in finding the plaintiff in the proceeding guilty of contempt was warranted in so doing by the record before it.

This proceeding is therefore *Dismissed*.

WEAVER, C. J., and GAYNOR and DEEMER, JJ., concur.